## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

KAITLYN BARLOW,

      **Plaintiffs,**

      **v.**                              **Civil Action No.: 1:17-cv-100**

**GEICO ADVANTAGE INSURANCE
COMPANY,**

      **Defendant.**

### NOTICE OF REMOVAL

Defendant GEICO Advantage Insurance Company ("GEICO"), by and through its attorneys, Chapman and Charlebois, P.C. (Donna L. Chapman and Jessica C. Singer) for the contractual claims and Perry Law, P.C. (Meloney Perry) for Plaintiff's extra-contractual allegations, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and in support thereof, states as follows:

1.      Plaintiff Kaitlyn Barlow ("Plaintiff") filed her Complaint For Payment Of Underinsured Motorist Benefits Due To Personal Injuries, Breach Of Contract, Declaratory Judgment And Violation Of Unfair Insurance Practices Act ("Complaint") in the Second Judicial District, Bernalillo County, State of New Mexico, in Cause No. D-202-CV-2016-06662 (hereinafter "State Court Action") on November 15, 2016. (*See* Plaintiff's Complaint, attached hereto as **Exhibit A**).

2.      In her Complaint, Plaintiff alleged she is a resident of the State of New Mexico. (*Id.* at ¶ 1).

3.      Plaintiff named Defendant GEICO, as the only Defendant in Plaintiff's Complaint.

4.    Defendant asserts GEICO is incorporated and its principal place of business is in the state of Maryland.

5.    Diversity of citizenship is present in this matter as set forth in 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(b)(2).

6.    Defendant accepted service through the Superintendent of Insurance on December 20, 2016.  (*See* **Exhibit B**).

7.    Less than thirty (30) days have passed since Defendant accepted service of the initial pleadings on this matter.

8.    As Defendant has accepted service and is the only Defendant served in this matter, 28 U.S.C. § 1446(b)(2)(A) is satisfied.  (*See* Register of Actions for the State Court Action, hereto attached as **Exhibit C**).

9.    Pursuant to Plaintiff's allegations, the amount in controversy exceeds $75,000, as set forth in 28 U.S.C. §§ 1441(b)(2).

10.    Pursuant to the allegations in Plaintiff's Complaint, dated November 15, 2016, the amount in controversy exceeds the jurisdictional amount of $75,000. *See* also, *Hanna v. Miller*, 163 F. Supp. 2d 1302, 1305-06 (D.N.M. 2001). (Complaint, Paragraph 35, Wherefore Paragraph (A), (D), and (H)). While GEICO denies liability to Plaintiffs for compensatory damages, Plaintiff's claims could exceed the jurisdiction threshold for diversity jurisdiction.  Alternatively, Plaintiff seeks an award of damages under the Unfair Practices Act.  (Complaint, Wherefore Paragraph (G)).  Additionally, Plaintiff's Complaint seeks an award of attorney's fees pursuant to NMSA 1978 §59A-16-20. (See Complaint, Paragraph 35).

11.   To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000.00, exclusive of interest and cost. 28 U.S.C. §1332(a). Where a complaint does not contain dispositive allegations of the amount in controversy, the jurisdictional amount is determined by the allegations in the underlying complaint. *See e.g., Laughlin v. Kmart Corp*, 50 p.3d, 871, 873 (10 Cir. 1995). Calculations of the amount in controversy include both compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Assur. Soc'y* 320 U.S. 238, 240 (1943); *Watson v. Blakenship,* 30 F.3d 383, 386 (10 Cir.1994). This calculation also includes attorney's fees. *See Miera v. Dairyland Ins. Co.,* No. 96-0136-M, mem.Op. (D.N.M. Feb. 28, 1996) (denying remand of removed action based on availability of attorney's fees under New Mexico Unfair Claims Practice Act and Unfair Trade Practices Act. *See also 14A Wright v. Miller, Federal Practice and Procedure,* §3712, at 176-78, and authorities cited therein; *Foret v. Souther Farm Bureau Life Ins. Co.,* 918 F. 2d 534, 537 (5 Cir. 1990). The calculation also includes treble damages claims.

12.   In addition to actual damages in this case, Plaintiff is requesting attorney fees and costs. Upon information and belief, Plaintiff will likely seek in excess of $50,000 in attorney's fees through the trial of this matter.

13.   This case may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1446.

14.   By and through this Notice of Removal, Defendant removes all claims asserted against it on the basis of diversity jurisdiction, which is conferred upon this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

15.   Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being concurrently served upon the Plaintiff on this date.

16.   Pursuant to 28 U.S.C. § 1446(d), Defendant is concurrently filing a Notice of Filing of Removal in the State Court Action, a copy of which is hereto attached as **Exhibit D**.

17.   In addition to the Notice of Filing Notice of Removal in the State Court Action, Defendant is concurrently filing an Entry of Appearance in the State Court Action on this date, a copy of which is hereto attached as **Exhibit E**.

18.   Pursuant to 28 U.S.C. § 1446(a) and D.N.M.LR-Civ. 81.1(a), all process, pleadings, and orders from the State Court Action will be filed with this Court in a separate Transmittal of State Court Record within twenty-eight days (28) of this Notice.

19.   A Civil Cover Sheet for this Court is hereto attached as **Exhibit F**.

**WHEREFORE**, the removing Defendant gives notice the above-styled action, which was pending in the Second Judicial District, Bernalillo County, State of New Mexico, as Cause No. D-202-CV-2016-07152 is removed to this Court.

Respectfully Submitted,

**CHAPMAN AND CHARLEBOIS, P.C.**

*/s/Jessica C. Singer*
Donna L. Chapman
Jessica C. Singer
P.O. Box 92438
Albuquerque, NM  87199
Tel: (505) 242-6000
donna@cclawnm.com
jessica@cclawnm.com
*Attorneys for GEICO Advantage Insurance Company for the contractual claims*

And

4

_/s/Meloney Perry_
Meloney Perry
Perry Law P.C.
10440 North Central Expressway Suite 600
Dallas, TX 75231
Tel: (214) 265-6224
mperry@perrylaw.com
_Attorney for GEICO Advantage Insurance_
_Company for extra-contractual claims_

**I HEREBY CERTIFY** that on the 19th day January, 2017, I filed the foregoing electronically through the CM/EDF System, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

David B. Martinez
Martinez, Hart, Thompson & Sanchez, P.C.
1801 Rio Grande NW
Albuquerque, NM 87104
Tel: (505) 343-1776
davidm@osolawfirm.com
_Attorney for Plaintiff_

_/s/Jessica C. Singer_
Jessica C. Singer

FILED IN MY OFFICE
DISTRICT COURT CLERK
11/15/2016 1:31:54 PM
James A. Noel
Catherine Chavez

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

KAITLYN BARLOW,
     Plaintiff,                                  D-202-CV-2016-07152

v.

GEICO ADVANTAGE INSURANCE COMPANY,
     Defendant.

### COMPLAINT FOR PAYMENT OF UNDERINSURED MOTORIST BENEFITS DUE TO PERSONAL INJURIES, BREACH OF CONTRACT, DECLARATORY JUDGEMENT AND VIOLATION OF UNFAIR INSURANCE PRACTICES ACT

COMES NOW Plaintiff Kaitlyn Barlow, by and through her attorneys Martinez, Hart, Thompson & Sanchez, P.C., and for her complaint against the Defendant states the following:

1.     Plaintiff is a resident of the County of Bernalillo, State of New Mexico.

2.     Defendant GEICO Advantage Insurance Company is a District of Colombia corporation doing business in the State of New Mexico by underwriting and selling automobile insurance policies to the citizens of the State of New Mexico pursuant to the Mandatory Financial Responsibility Act.

### FACTS

3.     On September 10, 2015, Plaintiff Kaitlyn Barlow was operating her 2010 Ford Escape SUV eastbound on Montgomery Boulevard, in Albuquerque, New Mexico, in a legal manner.

4.     At the same time, Kevin Guerrero was operating his 2006 Chevrolet SUV eastbound on Montgomery behind Plaintiff Kaitlyn Barlow.



5.      A third vehicle traveling eastbound in front of Plaintiff Kaitlyn Barlow slowed to make a right hand turn and Plaintiff Kaitlyn Barlow slowed her vehicle almost to a stop behind that vehicle.

6.      Kevin Guerrero was not paying attention, did not slow or stop his vehicle, and drove directly into the rear of the vehicle driven by Plaintiff Kaitlyn Barlow, causing a collision.

7.      As a result of the collision, Plaintiff Kaitlyn Barlow's vehicle was damaged beyond reasonable repair and she was injured.

8.      The collision between the vehicle driven by Plaintiff Kaitlyn Barlow and the vehicle driven by Kevin Guerrero was investigated by an officer from the City of Albuquerque Police Department.

9.      The officer from the City of Albuquerque Police Department who investigated the accident determined that the accident was caused by Kevin Guerrero's driver inattention and following too closely.

10.      The officer from the Albuquerque Police Department who investigated the accident determined that Plaintiff Kaitlyn Barlow's driving did not contribute to the cause of the collision.

11.      As a result of the collision, Plaintiff Kaitlyn Barlow suffered personal injuries which have resulted in medical expenses, pain and suffering, temporary physical impairment, loss of household services, lost earnings, damage to Plaintiff Kaitlyn Barlow's educational process as student at University of New Mexico, loss of tuition and other damages.

12.      At the time of the collision on September 10, 2015, Plaintiff Kaitlyn Barlow was covered under a policy of auto insurance through Defendant GEICO Advantage Insurance Company.

13.     Plaintiff Kaitlyn Barlow and her mother Karen Barlow had paid premiums for uninsured/underinsured motorist coverage under policy #4398910622 to Defendant GEICO Advantage Insurance Company.

14.     The policy provided by GEICO Advantage Insurance Company provided uninsured/underinsured motorist bodily injury coverage in the amount of $50,000.00 per person for 2 vehicles resulting in a total uninsured motorist – bodily injury limit of $100,000.00 for Plaintiff Kaitlyn Barlow on the collision which is the subject of this complaint.

15.     After the collision, Plaintiff Kaitlyn Barlow made a claim for payment of liability bodily injury damages with the insurance company for Kevin Guerrero.

16.     Plaintiff Kaitlyn Barlow also requested permission from Defendant GEICO Advantage Insurance Company to accept the $25,000.00 liability bodily injury insurance limit from Loya Insurance Company to settle all of her claims against Kevin Guerrero and to allow her to enter into and sign a full release of all claims against Kevin Guerrero.

17.     Before entering into any settlement and/or signing any release of liability bodily injury claims against Kevin Guerrero, Plaintiff Kaitlyn Barlow received consent and/or permission from Defendant GEICO Advantage Insurance Company to accept payment of the policy limits to enter into a settlement and sign the release of all claims in favor of Kevin Guerrero and his insurance company.

18.     Plaintiff Kaitlyn Barlow then entered into a settlement agreement with Kevin Guerrero and his insurance company and accepted the $25,000.00 liability bodily injury policy limit to resolve and release all of her claims against Kevin Guerrero.

19.     Plaintiff Kaitlyn Barlow's damages which arose from and were approximately caused by the negligence of Kevin Guerrero in the accident of September 10, 2015 including her

medical expenses, pain and suffering, temporary physical impairment, lost income, loss of household services and damage to her educational process as a student at the University of New Mexico, loss of tuition and other damages, exceed the $25,000.00 amount that she received as a result of the liability bodily injury policy settlement.

20.     After the settlement with the insurance company for Kevin Guerrero, Plaintiff Kaitlyn Barlow made a claim for payment of underinsured motorist bodily injury coverage benefits with Defendant GEICO Advantage Insurance Company which she was legally entitled to recover against Kevin Guerrero over-and-above the $25,000.00 policy limit which she had previously accepted and received.

21.     Defendant GEICO Advantage Insurance company agreed to pay a total of $750.00 in underinsured motorist benefits to Plaintiff Kaitlyn Barlow, but refused to pay any additional amount.

22.     When Plaintiff Kaitlyn Barlow requested additional negotiations, arbitration or mediation of the underinsured motorist benefits with Defendant GEICO Advantage Insurance Company, Defendant refused to negotiate further, arbitrate or mediate the underinsured motorist benefit claim.

23.     By refusing to negotiate further, mediate, or arbitrate to resolve the underinsured motorist benefit claim, Defendant GEICO Advantage Insurance Company forced Plaintiff Kaitlyn Barlow to institute litigation to obtain a fair settlement of her claims under the policy of insurance.

## <u>COUNT I</u>

24     Plaintiff realleges and incorporates all allegations contained in the above paragraphs as if fully set forth herein.

25.     Under the policy of uninsured/underinsured motorist coverage for Plaintiff Kaitlyn Barlow, Defendant GEICO Advantage Insurance Company stands in the shoes of the underinsured driver and is liable for compensatory damages which Plaintiff Kaitlyn Barlow is legally entitled to recover against Kevin Guerrero up to the limits of its policy, less the amount of the liability insurance policy injury settlement.

26.     Plaintiff Kaitlyn Barlow suffered bodily injuries and resulting damages as a result of the negligence of Kevin Guerrero exceeding the amount of the liability bodily injury policy limit and, therefore, Plaintiff Kaitlyn Barlow is legally entitled to recover her full damages up to the limits of her and her mother's uninsured/underinsured motorist policy with Defendant GEICO Advantage Insurance Company, less the amount of the liability bodily injury settlement already received.

## COUNT II

27.     Plaintiff realleges and incorporates all allegations contained in the above paragraphs as if fully set forth herein.

28.     The failure and refusal by Defendant GEICO Advantage Insurance Company to adjust the claim fully and to fairly negotiate a settlement of the claim with its insured, Plaintiff Kaitlyn Barlow, and its failure and refusal to actually pay damages over and above the $750.00 offer previously made, without good reason, constitutes a breach of the insurance policy contract.

29.     As a direct and proximate result of the breach of the insurance policy contract by Defendant GEICO Advantage Insurance Company, Plaintiff Kaitlyn Barlow has lost the benefit of the underinsured motorist funds which should have been previously paid, together with interest, attorney's fees and costs necessitated by the breach of contract by Defendant GEICO Advantage Insurance Company.

**COUNT III**

30.     Plaintiff realleges and incorporates all allegations contained in the above paragraphs as if fully set forth herein.

31.     Plaintiff Kaitlyn Barlow is entitled to underinsured motorist benefits for her bodily injury damages which she is legally entitled to recover against the underinsured driver, less the amount she previously received in the liability bodily injury settlement.

32.     Plaintiff Kaitlyn Barlow is entitled to a declaration, by this court, finding that Defendant GEICO Advantage Insurance Company is required to provide prompt and reasonable negotiation and payment of underinsured motorist bodily injury coverage benefits for compensatory damages to Plaintiff Kaitlyn Barlow in the amount that she is legally entitled to recover against the underinsured motorist, less the amount of the previous settlement, as a result of the negligence of the underinsured driver in the accident of September 10, 2015; determining the amount of the benefits due and ordering Defendant GEICO Advantage Insurance Company to pay the amount to her.

33.     The declaration, and order to pay, are required on account of Defendant GEICO Advantage Insurance Company's failure and refusal to offer additional damages, to promptly and fairly adjust the claim considering the additional value of the injuries and damages suffered by Plaintiff Kaitlyn Barlow as a result of the negligence of the underinsured driver and on account of Defendant GEICO Advantage Insurance Company's intentional decision to refuse additonal negotiation, mediation and arbitration, and to force its insured, Plaintiff Kaitlyn Barlow, into litigation to obtain payment of her benefits.

## COUNT IV

34.     Plaintiff realleges and incorporates all allegations contained in the above paragraphs as if fully set forth herein.

35.     The actions and intentional decisions by Defendant GEICO Advantage Insurance Company in refusing to negotiate a prompt and fair settlement, in refusing mediation or arbitration, and in forcing its insured, Plaintiff Kaitlyn Barlow, to file a lawsuit to receive payment of her policy benefits are in violation of sections 59A-16-20 E. and G. of the New Mexico Unfair Insurance Practices Act and should entitle Plaintiff Kaitlyn Barlow to payment of reasonable attorney's fees.

36.     Upon information and belief, Plaintiff Kaitlyn Barlow alleges that Defendant GEICO Advantage Insurance Company has a habit, policy and/or practice within its company by its employees and supervisors of forcing its insureds in the State of New Mexico to file a lawsuit to receive a fair settlement of their uninsured and underinsured motorist policy benefits.

WHEREFORE, Plaintiff Kaitlyn Barlow respectfully requests that this court enter judgement against Defendant GEICO Advantage Insurance Company as follows:

A.     Finding that Plaintiff Kaitlyn Barlow is legally entitled to recover compensatory damages arising from the automobile collision of September 10, 2015 against the underinsured driver in excess of the amount previously received from the bodily injury liability settlement plus the amount previously offered by Defendant GEICO Advantage Insurance Company;

B.     Finding that Defendant GEICO Advantage Insurance Company had a duty to promptly and reasonably adjust and pay underinsured motorist bodily injury damages, less the prior liability policy injury settlement to Plaintiff Kaitlyn Barlow;

C.      Finding that Defendant GEICO Advantage Insurance Company failed and refused to provide underinsured motorist bodily injury benefits in a fair and reasonable manner through prompt adjustment and payment of the policy benefits and, therefore, breached its insurance policy contract with Plaintiff Kaitlyn Barlow;

D.      Finding that Plaintiff Kaitlyn Barlow incurred additional damages including interest, court costs and attorney's fees on account of the failure and refusal by Defendant GEICO Advantage Insurance Company to promptly and fairly adjust her claims for such benefits and to pay those benefits as due under the policy contract of insurance and New Mexico Law;

E.      Finding that Defendant GEICO Advantage Insurance Company compelled its insured, Plaintiff Kaitlyn Barlow, to institute litigation in order to receive a fair settlement of her claim for underinsured motorist policy benefits;

F.      Finding that Defendant GEICO Advantage Insurance Company has a habit, policy or practice of forcing their insureds to institute litigation in order to receive a fair settlement of their uninsured and underinsured motorist policy benefit claims;

G.      Finding that Defendant GEICO Advantage Insurance Company violated the New Mexico Unfair Insurance Practices Act in the handling of Plaintiff Kaitlyn Barlow's claim for underinsured motorist policy benefits;

H.      Ordering Defendant GEICO Advantage Insurance Company to pay Plaintiff Kaitlyn Barlow the underinsured motorist policy benefits due for her bodily injury damages, reasonable attorney's fees, prejudgment and post judgement interest and costs of this action.

**MARTINEZ, HART, THOMPSON & SANCHEZ, P.C.**

/s/ David B. Martinez

_____
David B. Martinez
Attorney for Plaintiffs
1801 Rio Grande NW
Albuquerque, NM 87104
(505) 343-1776
(505) 344-7709 – FAX
davidm@osolawfirm.com

# STATE OF NEW MEXICO
# OFFICE OF THE SUPERINTENDENT OF INSURANCE

## CERTIFICATE

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

D-202-CV-2016-07152

KAITLYN BARLOW,
    Plaintiff

VS

GEICO ADVANTAGE INSURANCE COMPANY,
    Defendant

### ACCEPTANCE OF SERVICE

I, John G. Franchini, Superintendent of Insurance of the State of New Mexico, do hereby certify that a copy of a Summons, Complaint for Payment of Underinsured Motorist Benefits due to Personal Injuries, Breach of Contract, Declaratory Judgment and Violation of Unfair Insurance Practices Act, and Certificate of Service to Defendant GEICO Advantage Insurance Company, was sent to Defendant GEICO ADVANTAGE INSURANCE COMPANY on December 16, 2016 as provided in Section 59A-5-31 and 59A-5-32 NMSA 1978, and was received by said company on December 20, 2016 as shown by return receipt by Postmaster.

In

hereunto set my official seal
on this 27th day of December, 2016

*John G. Franchini*

Superintendent of Insurance

EXHIBIT
B

Skip to Main Content  Logout  My Account  Search Menu  New Civil Probate Family Search  Refine Search  Back    Location : Bernalillo County    Images  Help

# REGISTER OF ACTIONS
### CASE NO. D-202-CV-2016-07152

| | | | |
|---|---|---|---|
| **Kaitlyn Barlow v. Geico Advantage Insurance Company** | §<br>§<br>§<br>§<br>§<br>§ | Case Type:<br>Date Filed:<br>Location:<br>Judicial Officer: | **Other**<br>**11/15/2016**<br>**Bernalillo County**<br>**Campbell, Clay** |

---

### PARTY INFORMATION

| | | |
|---|---|---|
| **Defendant** | Geico Advantage Insurance Company | **Attorneys** |
| **Plaintiff** | Barlow, Kaitlyn | **David B. Martinez**<br>*Retained*<br>505-343-1776(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 11/15/2016 | **Cause Of Actions**<br>Action Type | Declaratory Relief<br>Action |
| 11/15/2016 | **Cause Of Actions**<br>Action Type | Tort: Personal Injury Auto<br>Action |
| 11/15/2016 | **Cause Of Actions**<br>Action Type | Breach of Contract<br>Action |
| 11/15/2016 | OPN: COMPLAINT | |
| 11/15/2016 | ARB: CERT NOT SUBJECT | |
| 11/16/2016 | **Summons** | |
| | Geico Advantage Insurance Company | Served              12/20/2016<br>Response Due     01/19/2017<br>Returned           12/30/2016 |
| 12/30/2016 | ACCEPTANCE OF SERVICE | |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Plaintiff** Barlow, Kaitlyn<br>Total Financial Assessment<br>Total Payments and Credits<br>**Balance Due as of 01/13/2017** | | 132.00<br>132.00<br>**0.00** |
| 11/15/2016<br>11/15/2016 | Transaction Assessment<br>File & Serve Payment    Receipt # ALBD-2016-31232 | Barlow, Kaitlyn | 132.00<br>(132.00) |

**EXHIBIT**
C

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

KAITLYN BARLOW

     Plaintiff,

v.                              No.    D-202-CV-2016-07152

GEICO ADVANTAGE INSURANCE
COMPANY,

     Defendant.

<u>NOTICE OF FILING OF REMOVAL</u>

PLEASE TAKE NOTICE that GEICO Advantage Insurance Company (hereinafter "GEICO"), by and through its attorneys Chapman and Charlebois, P.C. (Donna L. Chapman and Jessica C. Singer), has filed a Notice of Removal in the United States District Court for the District of New Mexico. A true and correct copy of the Notice of Removal, attached to this Notice as Exhibit "1" was emailed to:

David B. Martinez
Martinez, Hart & Thompson, P.C.
1801 Rio Grande NW
Albuquerque, NM 87104
Tel: (505) 343-1776
davidm@osolawfirm.com
*Attorney for Plaintiff*

                         Respectfully submitted,

                         CHAPMAN AND CHARLEBOIS, P.C.

                         _____

                         Donna L. Chapman
                         Jessica C. Singer
                         P.O. Box 92438
                         Albuquerque, NM 87199
                         Tel: (505) 242-6000
                         donna@cclawnm.com
                         jessica@cclawnm.com
                         *Attorneys for GEICO as to the contractual*
                         *claims only*

                         AND



EXHIBIT
D

PERRY LAW, P.C.

*/s/Meloney Perry*
Meloney Perry
10440 North Central Expressway Suite 600
Dallas, TX 75231
Tel: (214) 265-6226
mperry@mperrylaw.com
*Attorneys for GEICO as to the extra-
contractual claims only*

I HEREBY CERTIFY THAT on this _19_ day of January, 2017, I filed the foregoing electronically through the Odyssey File and Serve system, which caused the following counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing, and that a copy was sent via e-mail to the following:

Martinez, Hart & Thompson, P.C.
1801 Rio Grande NW
Albuquerque, NM 87104
Tel: (505) 343-1776
davidm@osolawfirm.com
*Attorney for Plaintiff*

_____
Jessica C. Singer

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

**KAITLYN BARLOW**

      **Plaintiff,**

v.                               No.    D-202-CV-2016-07152

**GEICO ADVANTAGE INSURANCE
COMPANY,**

      **Defendant.**

<u>**ENTRY OF APPEARANCE**</u>

      Chapman and Charlebois, P.C. (Donna L. Chapman and Jessica C. Singer), hereby enter their appearance on behalf of Defendant GEICO Advantage Insurance Company. Copies of all documents pertaining to litigation in this matter should be sent to the undersigned attorneys.

                          Respectfully submitted,

                          **CHAPMAN AND CHARLEBOIS, P.C.**

                          _____
                          Donna L. Chapman
                          Jessica C. Singer
                          PO Box 92438
                          Albuquerque, NM 87199
                          Tel: (505) 242-6000
                          donna@cclawnm.com
                          jessica@cclawnm.com
                          *Attorneys for GEICO Advantage Insurance Company*


EXHIBIT
E

I hereby certify the foregoing was served on the following counsel of record via the Odyssey File & Serve system on this ___ th day of January, 2017:

David B. Martinez
Martinez, Hart & Thompson, P.C.
1801 Rio Grande NW
Albuquerque, NM 87104
Tel: (505) 343-1776
davidm@osolawfirm.com
*Attorney for Plaintiff*

_____
Jessica C. Singer

2

JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| KAITLYN BARLOW | GEICO ADVANTAGE INSURANCE COMPANY |

| (b) County of Residence of First Listed Plaintiff  BERNALILLO | County of Residence of First Listed Defendant   MARYLAND |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| DAVID B. MARTINEZ | DONNA L. CHAPMAN/JESSICA C. SINGER |
| MARTINEZ, HART & THOMPSON, P.C. | CHAPMAN AND CHARLEBOIS, P.C. P.O. BOX 92438 |
| 1801 RIO GRANDE NW ALBUQUERQUE, NM 87104 TEL505-343-1776 | ALBUQUERQUE, NM 87199 TEL: 505-242-6000 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1331, 1441 and 1446

Brief description of cause:
Personal Injury

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   1/19/2016

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

EXHIBIT
F

tabbies